IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL L. DE-JESUS,

        Petitioner,

    v.

JEFF PREMO, et al.,

        Respondents.

Case No. 6:16-cv-01563-SI

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Robbery, Unlawful Delivery of Methamphetamine, and Unlawful Possession of Methamphetamine. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On February 27, 2007, Petitioner robbed Juan Calderilla-Duran of his wallet, cell phone, and six bags of methamphetamine. On March 8, 2007, police officers executed a search warrant at Petitioner's residence where they discovered Calderilla-Duran's cell phone in Petitioner's bedroom. In Petitioner's bedroom closet, police discovered a safe that, when opened, yielded a loaded handgun, fourteen small clear baggies containing methamphetamine, several empty clear baggies, and six larger baggies containing methamphetamine. As a result, the State charged Petitioner with two counts of Robbery in the Second Degree, one count of Robbery in the First Degree, one count of Failure to Appear in the First Degree, one count of Failure to Appear in the Second Degree, two counts of Delivery of Methamphetamine, and one count of Possession of Methamphetamine. Respondent's Exhibit 102.

The trial court found Petitioner guilty on both counts of Failure to Appear, and a jury convicted Petitioner of the remaining charges. As a result, the trial court sentenced Petitioner to a sentence totaling 148 months in prison. Respondent's Exhibit 104, pp. 254-59.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 109, 111.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where he asserted, in part, that his trial attorney had been ineffective for failing to object to the trial court's jury instructions. The PCR court denied relief on all of Petitioner's claims. Respondent's Exhibit 152. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 159, 160.

On August 2, 2016, Petitioner filed this habeas corpus case in which he raises seven grounds for relief. Respondent asks the court to deny relief on the Petition because: (1) Petitioner failed to fairly present Ground Two to Oregon's state courts, leaving it procedurally defaulted; (2) the federal claims raised in Petitioner's remaining grounds for relief were denied in state court decisions that are neither contrary to, nor unreasonably applications of, clearly established federal law; and (3) all claims lack merit.

## DISCUSSION

### I.    **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or

(2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A federal habeas

court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues." *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

## II. **Unargued Claims**

As previously noted, Petitioner raises seven grounds for relief in this case. However, in his supporting memorandum, Petitioner chooses to support only Grounds Three and Four with briefing. Specifically, Petitioner argues that counsel should have objected to: (1) the issuance of a "natural and probable consequences" jury instruction pertaining to his Robbery charges (Ground Three); and (2) the instruction advising the jury on would constitute Delivery of Methamphetamine (Ground Four).

Petitioner does not argue the merits of his remaining claims, nor does he address any of Respondent's arguments as to why relief on these claims should be denied. The Court concludes that Petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

## III. **Natural and Probable Consequences Instruction (Ground Three)**

As Ground Three, Petitioner asserts that his trial attorney provided ineffective assistance when she failed to object to the

trial court's "natural and probable consequences" jury instruction associated with his Robbery in the Second Degree conviction. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

When addressing the jury in relation to the Robbery in the Second Degree charge, the trial court issued the following instruction:

6 – OPINION AND ORDER

> A person who aids and abets another in committing a crime, in addition to being criminally responsible for the crime that is committed, is also criminally responsible for any act or other crimes that were committed as a natural and probable consequence of the planning, preparation, or commission of the intended crime.

Respondent's Exhibit 104, pp. 205-06.

Approximately one year after Petitioner's trial, the Oregon Supreme Court invalidated the "natural and probable consequences" instruction. *State v. Lopez-Minjarez,* 350 Or. 576 (2011). The Oregon Supreme Court reasoned that such an instruction improperly permitted a jury to find a defendant guilty under a theory of accomplice liability even if the defendant did not intend to promote or facilitate the conduct at issue. 350 Or. at 583.

During his PCR proceedings, Petitioner argued that his trial attorney was ineffective for failing to object to this instruction in his case. The PCR court concluded that Petitioner's claim amounted to a "suggestion that [counsel] should have been clairvoyant and foreseen that the natural and probable consequences language would be struck down later on after this trial. Well that's not error on her part to not have a crystal ball as to what some appellate court's going to do on a later time." Respondent's Exhibit 151, p. 30.

While Petitioner's PCR appeal was pending, the Oregon Court of Appeals determined that a trial attorney in a separate case had rendered ineffective assistance in failing to object to a natural and probable consequences jury instruction even though the defendant's trial had occurred prior to *Lopez-Minjarez*. *Wade*

7 – OPINION AND ORDER

*v. Brockcamp,* 268 Or. App. 3763, 390 (2015). In *Wade*, the Oregon
Court of Appeals reasoned that language from *State v. Anlauf,* 164
Or. App. 672 (2000) "signal[led] that the uniform jury
instruction misstated the law. . . ." 268 Or. App. at 385. As a
result, Petitioner argues that even though the Oregon Supreme
Court did not decide *Lopez-Minjarez* until after his trial, an
attorney exercising reasonable professional skill and judgment
would have taken exception to the natural and probable
consequences instruction.

The question before the court is whether the PCR court--
prior to *Lopez-Minjarez* and any guidance from the *Wade* decision--
not only resolved Petitioner's ineffective assistance of counsel
claim incorrectly, but reached a decision that was "so lacking in
justification that there was an error well understood and
comprehended in existing law beyond any possibility for
fairminded disagreement." *Richter*, 562 U.S. at 102. This Court is
also mindful that "*Strickland* does not mandate prescience, only
objectively reasonable advice under prevailing professional
norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir.
2004) (citing *Strickland*, 466 U.S. at 690); *see also Lowry v.
Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (lawyers not required to
anticipate decisions, and conduct must be evaluated at the time
of that conduct). Given these legal guideposts, the PCR court's
decision that counsel was not expected to anticipate the Oregon
Supreme Court's decision in *Lopez-Minjarez* was not so obviously
deficient as to constitute an unreasonable application of
*Strickland*.

Even if the PCR court unreasonably applied clearly established federal law when it determined that trial counsel acted competently, the natural and probable consequences instruction did not prejudice Petitioner. To find Petitioner guilty pursuant to the natural and probable consequences instruction, the jury would necessarily have to conclude that the robbery at issue in Count Two of the Indictment was a natural byproduct of an earlier crime in which Petitioner aided and abetted another. *See State v. Valerio*, 269 Or. App. 770, 776 (2015). Where no crime preceded the robbery of Calderilla-Duran, and where Petitioner was charged as a principal in that robbery, a jury could not have found him guilty pursuant to a natural and probable consequences instruction. For all of these reasons, Petitioner is not entitled to relief on his Ground Three claim.

## IV. **Delivery Instruction (Ground Four)**

As Ground Four, Petitioner alleges that his trial attorney was ineffective for failing to take exception to a jury instruction concerning his purported delivery of the methamphetamine he had taken from Calderilla-Duran. At the close of Petitioner's trial, the trial court delivered the following instruction relating to the delivery charge:

> Deliver or delivery means the actual constructive or attempted transfer from one person to another of a controlled substance. Thus, under Oregon law, possession with intent to deliver constitutes delivery, even when no actual transfer is shown. Additionally, an attempted transfer of a controlled substance from one person to another is a delivery.

> An attempted transfer occurs when a person
> intentionally engages in conduct which
> constitutes a substantial step towards the
> transfer of a controlled substance. Examples
> of a substantial step include but are not
> limited to possession of a large amount of a
> controlled substance not for personal use,
> but consistent instead with trafficking in
> controlled substances. Or possession of items
> associated with drug trafficking, such as
> drug records, scales, large sums of money,
> razor blades, or those types of things.

Respondent's Exhibit 104, p. 210.

Petitioner argues that the latter part of the instruction containing examples of conduct that amount to the commission of the crime Delivery essentially directed a verdict of guilty. He reasons that the instruction allowed the jury to convict him of the Delivery charges even if he had only possessed the controlled substance without any intent to deliver it. This, in turn, allowed the prosecutor to argue that if Petitioner merely had the accoutrements of delivery, then he must be guilty of Delivery such that the instruction amounted to an improper comment upon the evidence and a mandatory presumption of guilt.

The PCR court determined that Petitioner's "claim that the definition of delivery is somehow unconstitutional as would apply to him, I find is not an accurate . . . position, not legally correct." Respondent's Exhibit 151, p. 30. Petitioner believes this unreasonably applied clearly established federal law, and amounted to an unreasonable determination of the facts in light of the evidence presented. He directs the court to Justice Rives Kistler's concurrence to the denial of review in *State v. Schwab,* 234 Or. App. 43, *rev. denied* 349 Or. 52 (2012), which Petitioner

included in his brief to the Oregon Court of Appeals. Justice Kistler concurred that review in *Schwab* should be denied, but wrote separately to note "an unpreserved problem" with an instruction very similar to the one given in Petitioner's case:

> The second sentence of the trial court's instruction told the jury that, if it found that defendant possessed "a large amount of a controlled substance, not for personal use, but consistent, instead, with trafficking in controlled substances," then an attempted transfer had occurred.
>
> In my view, that part of the instruction improperly converted a permissible inference into a mandatory finding. To be sure, if a jury finds that a defendant possessed a larger amount of a controlled substance than a person ordinarily would possess for personal use, then the jury may but is not required to infer that the defendant possessed the controlled substance with the intent to sell or transfer it. A judge, however, may not instruct a jury that it must draw that inference. The United State Supreme Court held over 30 years ago that such an instruction would violate the Due Process Clause. *See Sandstrom v. Montana,* 442 U.S. 510, 513 523-234 (1979) (holding that the instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" violates due process).

*State v. Schwab*, 349 Or. 52, 239 P.3d 246 (2010).

Respondent argues that there is no clearly established federal law, as determined by the U.S. Supreme Court, that invalidates the instruction given in Petitioner's case. On that basis, alone, Respondent believes Petitioner's Ground Four claim fails.

Although the Supreme Court's holdings constitute clearly established federal law for purposes of federal habeas corpus

review, the central issue is not one of due process, but one of ineffective assistance of counsel. In that respect, "[t]he 'clearly established federal law' for an ineffective assistance of counsel claim under the Sixth Amendment derives from *Strickland v. Washington*. . . ." *Hardy v. Chappell*, 849 F.3d 803, 818 (9th Cir. 2016). Thus, to prevail on his claim, Petitioner is not limited to showing that the PCR court misapplied *Strickland* only as to *another* Supreme Court holding. Instead, Petitioner is required to show that the PCR court unreasonably applied *Strickland,* even if the *Strickland* claim is based upon counsel's failure to understand settled issues of state or federal law germane to her client's case. The Court therefore proceeds with a *Strickland* analysis of Petitioner's claim.

One month prior to Petitioner's trial, the Oregon Court of Appeals evaluated a delivery instruction very similar to the one at issue in Petitioner's case.[1] That instruction provided:

> Under Oregon law, possession with intent to deliver constitutes delivery, even where no actual transfer is shown. An attempted transfer occurs when a person intentionally engages in conduct which constitutes a substantial step and includes, but are not limited to, possession of a large amount of controlled substance, not for personal use, but consistent, instead, with trafficking in controlled substances.

*Schwab*, 234 Or. App. at 47.

The defendant in *Schwab* "argue[d] that a jury instruction that indicates that a large quantity of drugs alone can be

---

[1] The instruction arose in the *Schwab* case which led directly to Justice Kistler's cautionary language in his concurrence cited above.

12 - OPINION AND ORDER

sufficient evidence of delivery is an erroneous instruction." 234 Or. App. at 47-48. The Oregon Court of Appeals determined that the instruction was an accurate statement of Oregon law, and that a "reasonable jury hearing the instructions would understand that, in determining whether an attempted transfer occurred, it should consider the quantity of drug involved *and* other evidence to determine whether that quantity was not consistent with personal use, but instead was consistent with drug trafficking." *Id* at 49 (italics in original). The Oregon Court of Appeals noted that its decision was consistent with several of its previous decisions dating back to 1989.

Petitioner's trial attorney, confronted with this legal trajectory, understandably did not ask the trial court to find the delivery instruction unlawful. Instead, she focused on another part of the trial court's instruction that required the jury to find that Petitioner "intentionally engaged" in conduct that amounted to a substantial step toward the transfer of a controlled substance. She focused on the fact that, outside of the drug items found in Petitioner's safe, nothing in his room or car reflected his engagement in a drug enterprise. She specifically noted there was "no paraphernalia, no scales, no nothing, except in this safe. That's the only place they found anything." Respondent's Exhibit 104, p. 192. In this way, she advocated that the narcotics in Petitioner's safe were simply the spoils of the robbery and, therefore, did not support a theory

that Petitioner intentionally engaged in any conduct to deliver the drugs.[2]

It was not until after Petitioner's trial that Justice Kistler issued his concurrence to the denial of review in *Schwab*. Given the state of the law at the time of Petitioner's trial, and where the instruction the trial court gave required the jury to find that Petitioner intentionally engaged in a substantial step toward the transfer of a controlled substance, counsel made a reasonable strategic decision to focus on the intent aspect of the defense.[3] As a result, her performance did not fall below an objective standard of reasonableness.

Even if the Court were to assume that counsel should have objected to the delivery instruction, Petitioner would not be able to establish that he was prejudiced by any such failure. Where the Oregon Court of Appeals had concluded only one month prior to Petitioner's trial that the instruction was properly issued and a correct statement of the law, it is highly unlikely such an objection would have succeeded in the trial court.

Further assuming the trial court had sustained an objection and removed the offending instruction, the evidence tended to show not just that Petitioner took the drugs from Calderilla-Duran, but that he packaged them for individual sale. Specifically, Petitioner took "four plastic baggies" and "two big

---

[2] For reasons later explained, Petitioner was unlikely to succeed with such a defense. Nevertheless, where the law at the time of his trial did not support an objection, counsel's decision not to raise the issue was a reasonable one.
[3] Even in the wake of Justice Kistler's cautionary language in the denial of review in *Schwab,* the Oregon Court of Appeals' decision in that case remains good law.

bags" of methamphetamine from Calderilla-Duran during the
robbery. Respondent's Exhibit 104, pp. 127-29. According to
Petitioner's theory of the case, he simply placed these in his
safe with no intent to sell the drugs. However, when police
confiscated the contents of the safe, they found fourteen small
baggies containing between .33 to .35 grams in each bag, as well
as additional empty baggies. *Id* at pp. 142-43. The officer also
found six additional baggies with methamphetamine, each weighing
between 1.7 and 2.0 grams. This tended to show that Petitioner
had weighed and re-packaged the drugs he had stolen from
Calderilla-Duran for the purpose of selling them. Thus, even in
the absence of the instruction at issue, it is unlikely that the
verdict would have been different. For all of these reasons, the
PCR court's decision denying relief on this claim was not based
upon an unreasonable determination of the facts in light of the
evidence presented, and did not involve an unreasonable
application of clearly established federal law.

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court issues a Certificate of Appealability as to Petitioner's argued claims of ineffective assistance of counsel contained within Grounds Three and Four of the Petition.

IT IS SO ORDERED.

DATED this _16th_ day of January, 2018.

_____
Michael H. Simon
United States District Judge